United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTIN ALMEIDA,
Plaintiff,

v.

MILNE LAW OFFICES,
Defendant.

Case No. 26-cv-02029-TLT

**ORDER DISMISSING ACTION WITHOUT PREJUDICE UNDER RULE 4(M)**

Re: Dkt. No. 1, 11, 12

## I. BACKGROUND

On March 10, 2026, Justin Almeida, a self-represented litigant ("Plaintiff"), commenced this action against Milne Law Offices ("Defendant"). ECF 1. A summons was issued the same day. ECF 3. An initial case management conference was scheduled for July 16, 2026, and the case management statement was due no later than July 9, 2026. ECF 8. No case management statement was filed by the deadline. ECF 9. Accordingly, the Court issued an order informing the parties that the case management statement needed to be filed by July 13, 2026. ECF 9. No case management statement was ever filed. Plaintiff has been referred to the Help Desk and has not provided any indication that Defendant was ever timely served. ECF 10.

Accordingly, the Court issued an order to show cause ("OSC") why this case should not be dismissed under Federal Rule of Civil Procedure 4(m) for failure to timely serve Defendant within 90 days after the Complaint was filed. ECF 12 at 1. The OSC instructed Plaintiff to address: (1) whether Defendant was ever served, and if so, was required to file proof of service; (2) whether there was good cause for any failure to timely serve Defendant; and (3) whether Plaintiff was seeking an extension of the deadline to effect service. ECF 12 at 1. In addition, Plaintiff was also instructed to address whether venue in this Court was appropriate and whether the case should either be

dismissed without prejudice or transferred to the United States District Court for the Eastern District of Michigan. ECF 12 at 2. The OSC informed Plaintiff that his response was due by August 5, 2026. ECF 12 at 2. The OSC further informed Plaintiff that if the Court did not receive a response by that date, this action would be dismissed without prejudice *sua sponte* for failure to timely serve Defendant under Rule 4(m). ECF 12 at 2. Plaintiff was warned that no further opportunities to respond would be permitted. ECF 12 at 2. To date, the Court has not received a response from Plaintiff.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(m), if the plaintiff fails to serve the defendant within 90 days after the complaint is filed, the Court may dismiss the action without prejudice against that defendant. Fed. R. Civ. P. 4(m). The Court may dismiss the action *sua sponte*, so long as the Court first gives the plaintiff notice and an opportunity to show cause good cause for failure to effect timely service. *See Song v. Obama*, 649 F. App'x 367, 367-68 (9th Cir. 2016) ("The district court did not abuse its discretion by *sua sponte* dismissing Song's action because Song failed to effect proper service of the summons and complaint and did not demonstrate good cause for failing to serve, despite being given notice and an opportunity to do so."). "At a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (cleaned up). According to the Ninth Circuit, "a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *See id.* (citation and internal quotation marks omitted).

Even if there is no good cause for a failure to timely effect service, the Court has discretion to grant an extension of time to serve the complaint under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *See id.* (citation and

United States District Court
Northern District of California

internal quotation marks omitted).

## III. THE COURT DISMISSES THIS ACTION *SUA SPONTE* UNDER RULE 4(M).

As required by the Ninth Circuit, the Court issued an OSC and gave Plaintiff notice and an opportunity to show good cause for his failure to timely serve Defendant. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). Plaintiff has not filed any response to the OSC. Accordingly, Plaintiff has not shown good cause for his failure to timely serve Defendant. *See Song*, 649 F. App'x at 367-68.

Nor does the Court see any reason to exercise its discretion to extend the time for service in the absence of good cause. Plaintiff has not argued that any statute of limitations will bar his claims if this case is dismissed. *See Efaw*, 473 F.3d at 1041. Nor is there any indication that Defendant was ever served with the summons and complaint. *See id.* There is no indication that Defendant even has notice of this lawsuit. *See id.* Moreover, this action has been pending for five months. *See* ECF 1. Plaintiff has taken no steps to prosecute his case and has not responded to the Court's OSC.

Accordingly, the Court **DISMISSES** this action due to Plaintiff's failure to timely serve Defendant under Rule 4(m). All future dates are hereby terminated. The Clerk is directed to close and terminate the case.

This order resolves ECF 1 and 12.

**IT IS SO ORDERED.**

Dated: August 11, 2026

TRINA L. THOMPSON
United States District Judge